# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| EMPIRE BANK, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 13-CV-0388-CVE-PJC |
| BILL J. DUMOND, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is defendants' Motion to Certify Question of Law to the Oklahoma Supreme Court (Dkt. # 103). The defendants other than Paula Tate (moving defendants) ask the Court to certify a question to the Oklahoma Supreme Court concerning the interpretation of Okla. Stat. tit. 12, § 686:

> Whether the second paragraph of 12 O.S. §686, unless otherwise expressly waived, applies to a guarantor as a person or corporation directly or indirectly or contingently liable for an indebtedness secured by a mortgage on real property, entitling guarantor to set off the fair and reasonable market value of mortgage property against the money judgment demanded?

Dkt. # 103, at 1. Moving defendants claim that the answer to their proposed question of state law "may be determinative of an issue pending in this action regarding any deficiency the guarantors may be liable for." Id. at 4. Plaintiff Empire Bank (Empire) has not yet responded; however, there is no need for it to do so.

Moving defendants are guarantors of a debt on which the borrower has defaulted. The collateral for the debt has been sold at a foreclosure (trustee) sale. On March 7, 2014, moving defendants filed a motion for summary judgment seeking a determination that Oklahoma law governs their guaranties, that Okla. Stat. tit. 12 § 686 applies to guarantors, and that they are entitled

to set off of the fair market value of the properties securing the obligation underlying their their guaranties. Dkt. # 72. On March 14, 2014, Empire filed a motion for partial summary judgment seeking a determination that defendants owe a deficiency to it, that Missouri law governs the calculation of the deficiency, that section 686 does not apply to guarantors, and that defendants are not entitled to set off the fair market value of the properties securing the obligation underlying their guaranties. Dkt. # 76. Moving defendants did not request certification of any question to the Oklahoma Supreme Court in their motion for partial summary judgment, their reply in support of that motion, or their response to Empire's motion for partial summary judgment.

On June 24, 2014, the Court granted moving defendants' motion for summary judgment to the extent that it sought a determination that Oklahoma law governs all aspects of the guaranties and denied it in all other respects. Dkt. # 99, at 18. The Court also granted Empire's motion for partial summary judgment to the extent that it sought a determination that any deficiency owed is calculated by subtracting the proceeds of the foreclosure sales from the balance owed under the guaranties and denied it in all other respects. Id. In doing so, the Court determined that section 686 did not apply to guarantors. Id. at 13. Moving defendants now ask the Court to certify a question of law to the Oklahoma Supreme Court.

The decision to certify a question of law to a state court is within the discretion of a federal district court. See Oliveros v. Mitchell, 449 F.3d 1091, 1093 (10th Cir. 2006); Coletti v. Cudd Pressure Control, 165 F.3d 767, 775 (10th Cir. 1999); Allstate Ins. Co. v. Brown, 920 F.2d 664, 667 (10th Cir. 1990). Under Okla. Stat. tit. 20, § 1602, the Oklahoma Supreme Court has the power to accept a certified question from a federal court if the outcome of the federal litigation depends on a controlling issue of state law and the issue cannot be resolved by reference to an Oklahoma statute,

constitutional provision, or judicial decision. Certification is appropriate "where the legal question at issue is novel and the applicable state law is unsettled," but a federal district court is not compelled to certify such issues to a state court. Society of Lloyd's v. Reinhart, 402 F.3d 982, 1001 (10th Cir. 2005). "Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." Armijo v. Ex Cam, Inc., 843 F.2d 406, 407 (10th Cir. 1988).

The Court finds that moving defendants have unreasonably delayed in filing this motion and the timing of the motion suggests that moving defendants are simply seeking another bite at the apple following unfavorable rulings on their motion for partial summary judgment and Empire's partial motion for summary judgment. Moving defendants did not believe that there was an unclear issue of state law until the Court ruled on the motions for partial summary judgment, and, generally, courts should not certify a question to a state court when the request for certification is made after an adverse decision against the requesting party. Cf. Enfield ex rel. Enfield v. A.B. Chance Co., 228 F.3d 1245, 1255 (10th Cir. 2000). It is also likely that the Oklahoma Supreme Court would decline to answer moving defendants' proposed question, because this Court has issued a ruling on the motions for partial summary judgment and the Oklahoma Supreme Court will not engage in appellate review of a federal court decision through the use of a certified question. See Cray v. Deloitte Haskins & Sells, 925 P.2d 60, 63 (Okla. 1996). If there were truly an unclear issue of state law, the appropriate time to request certification of a question to the Oklahoma Supreme Court would have been when moving defendants originally filed their motion for summary judgment. Moving defendants failed to make a timely request to certify a question of law to the Oklahoma Supreme Court, and this is a sufficient reason to deny moving defendants' motion. The Court has

also reviewed the motions for partial summary judgment and related briefing, as well as the Court's opinion and order (Dkt. # 99), and finds that there is no unsettled question of state law that would be appropriate for certification. In addition, the issue is not novel, as the Oklahoma Supreme Court has addressed this issue previously. See Bank of Okla., N.A. v. Red Arrow Marina Sales & Serv., Inc., 224 P.3d 685, 689, 694, 697 (Okla. 2009); Riverside Nat'l Bank v. Manolakis, 613 P.2d 438, 441 (Okla. 1980). The proposed question simply expresses moving defendants' disagreement with the Court's decision, and the appropriate means for moving defendants to challenge the Court's decision is through an appeal to the Tenth Circuit after a final judgment has been entered.

**IT IS THEREFORE ORDERED** that defendants' Motion to Certify Question of Law to the Oklahoma Supreme Court (Dkt. # 103) is **denied**.

**DATED** this 10th day of July, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE